**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NIKOLAUS BERTINO,** | **CIVIL ACTION NO. _____** |
| **Plaintiff,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **COMCAST (CC) OF WILLOW GROVE,** | |
| **COMCAST CORPORATION,** | |
| **and** | |
| **RYAN TULINO,** | |
| **Defendants.** | |

**<u>COMPLAINT AND JURY DEMAND</u>**

Plaintiff Nikolaus Bertino, by and through his attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint"):

**<u>PRELIMINARY STATEMENT</u>**

1.     This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff Nikolaus Bertino ("Mr. Bertino"), a former employee of Comcast (CC) of Willow Grove and Comcast Corporation (collectively "Comcast") who was most recently supervised by Defendant Ryan Tulino. Despite his loyalty and consistent performance, Mr. Bertino was harmed by Comcast's harassment and discrimination on the basis of his disability or perceived disability, retaliation for seeking accommodation of his disability and retaliation for complaining about discrimination and harassment. Comcast also failed to engage in a good-faith, interactive process with respect to accommodating Mr. Bertino's disability, in violation of state

and federal law, as set forth herein.  Mr. Tulino aided and abetted Comcast's discrimination, harassment and retaliation, as set forth herein.

2.    This action is filed pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA").

## JURISDICTIONAL STATEMENT

3.    This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4.    The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5.    This Court has supplemental jurisdiction over any Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

6.    All conditions precedent to the institution of this suit have been fulfilled. On August 27, 2025, Plaintiff timely filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC") which was dual-filed as a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). On January 17, 2026, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice.  On October 1, 2025, the PHRC administratively closed Mr. Tulino's Complaint and advised him of his right to file his claims in court within two years of the date of closure.

2

**VENUE**

7.      This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

8.      This action properly lies in the Eastern District of Pennsylvania because the claims and significant activities associated with those claims arose in this judicial district, and Plaintiff was employed by Defendant Comcast in this judicial district.

**PARTIES**

9.      Plaintiff Nikolaus Bertino is an adult male citizen and resident of Philadelphia, Pennsylvania and the United States of America.

10.      Mr. Bertino is a qualified individual with a disability within the meaning of the ADA.

11.      Mr. Bertino has had his disability, attention-deficit/hyperactivity disorder ("ADHD"), for a period far in excess of six months.

12.      Mr. Bertino's disability is a mental/psychological disorder that substantially limits one or more major life activities.

13.      Defendant Comcast (CC) of Willow Grove is a Pennsylvania corporation, with its corporate headquarters and principal place of business at 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103, where Plaintiff was employed.

14.      Defendant Comcast Corporation is a Pennsylvania corporation, with its corporate headquarters and principal place of business at 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103, where Plaintiff was employed.

15.      At all material times, Defendants Comcast (CC) of Willow Grove and Comcast Corporation have acted as a single employer, joint employers and/or alter egos.

16. Defendant Ryan Tulino is a citizen and resident of Broomall, Pennsylvania.

17. During his employment, Comcast regarded Mr. Bertino as disabled.

18. At all relevant times, Comcast is and has been an employer employing more than five hundred (500) employees.

19. Comcast does significant business within the Commonwealth of Pennsylvania.

20. At all relevant times, employees of Comcast acted as agents and servants for Comcast.

21. At all relevant times, employees of Comcast were acting within the scope of their authority and in the course of employment under the direct control of Comcast.

22. At all times material hereto, Comcast acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Comcast and in furtherance of Comcast's business.

23. At all times relevant hereto, Defendants each are and have been an "employer" and/or "person" within the meaning of the laws at issue in this matter and are accordingly subject to the provisions of said laws.

24. At all relevant times hereto, Plaintiff was an "employee" within the meaning of the laws at issue in this matter and is accordingly entitled to the protections of said laws.

25. This Honorable Court has jurisdiction over Defendants.

## FACTS

26. Mr. Bertino graduated *summa cum laude* from Drexel University with a Bachelor of Science degree in Computing and Security Technology.

27. Due to his extensive knowledge, skills, and expertise, Mr. Bertino was offered a position with Comcast as Engineer 2, Software Development & Engineering ("DevOps") on August 12, 2021.

4

28.    Mr. Bertino accepted the offer and began his employment with Comcast on September 7, 2021.

29.    Throughout his employment with Comcast, Mr. Bertino performed his duties in an excellent and hardworking manner.

30.    Despite his loyalty and consistent performance, Mr. Bertino was discriminated against and harassed on the basis of his disability and/or perceived disability and was retaliated against for seeking accommodation of his disability and for complaining about discrimination and harassment, culminating in his wrongful termination on October 1, 2025.[1]

31.    Comcast also failed to engage in a good-faith, interactive process with respect to accommodating Mr. Bertino's disability.

32.    Mr. Bertino has been diagnosed with attention-deficit/hyperactivity disorder ("ADHD").

33.    On September 7, 2022, one year after beginning his employment with Comcast, Mr. Bertino was approved to work remotely from home as an accommodation of his disability.

34.    Far from being a limitation, Mr. Bertino thrived with the approval of the accommodation.

35.    Indeed, Mr. Bertino received an overall manager rating of "outstanding" in his 2022 Year End Review, and he was promoted to DevOps Engineer 3 on January 18, 2023.

---

[1] Mr. Bertino's termination occurred after he filed his Complaint with the PHRC, which was dual-filed with the EEOC. Mr. Bertino filed a subsequent EEOC Charge, which was dual-filed with the PHRC, relating to the additional discrimination, harassment and retaliation he was subjected to subsequent to filing his initial Complaint with the PHRC in August 2025. Mr. Bertino has not yet received a Right to Sue regarding his subsequent EEOC Charge relating to events that occurred subsequent to his filing with the PHRC in August 2025, including his termination, and has not yet exhausted his administrative remedies regarding those claims. Mr. Bertino will seek to amend his Complaint in this matter to add those claims once he has received his Right to Sue and has otherwise exhausted his administrative remedies.

36.     Mr. Bertino continued to perform excellently the following year, receiving another overall manager rating of "outstanding" in his 2023 Year End Review.

37.     Mr. Bertino also met performance expectations in 2024, as reflected by the "effective" rating in his Year End Review.

38.     Then, in 2025, Mr. Bertino began to be targeted on the basis of his disability as the date for his disability accommodation renewal was approaching.

39.     In particular, between April and July 2025, even though Mr. Bertino continued to be an exemplary employee, Comcast subjected Mr. Bertino to a higher level of scrutiny and hostility.

40.     For example, Comcast's vCenter scanner project was launched on March 7, 2025.

41.     Though Defendant Ryan Tulino, Mr. Bertino's supervisor, noted in an incident retrospective that the project was to be completed within six weeks, the vCenter delivery schedule indicated that it was to be completed in Q2, with each quarter being twelve (12) weeks long.

42.     Moreover, industry practice holds that retrospectives should be built on trust and conducted in a neutral manner.

43.     Comcast instead conducted the retrospective in a manner that placed all the blame squarely on Mr. Bertino, despite documentation indicating that deadlines for the vCenter project tickets were removed, which substantiated Mr. Bertino's belief that deadlines had been abandoned, as noted in the incident retrospective.

44.     Additionally, any noted areas for improvement for Mr. Bertino were weaponized against him.

45.     Isolated matters were repeatedly revisited over the course of several months and characterized as persistent themes even when resolved.

46. These "issues" were recycled time and again to create a narrative of ongoing deficiencies in performance that did not align with the actual record.

47. This prevented Mr. Bertino from advancing to positions for which he was qualified.

48. Indeed, on July 14, 2025, Mr. Bertino learned that a colleague of his had been promoted from DevOps Engineer 4 to DevOps Engineer 5.

49. This created a vacancy for the DevOps Engineer 4 position.

50. However, this position was not posted until months later.

51. On July 30, 2025, Mr. Bertino received an email from Mr. Tulino in which Mr. Tulino expressed his "concerns" about the recent PR churn and Mr. Bertino's overall velocity.

52. Mr. Tulino then warned Mr. Bertino that if he "continue[d] to fall behind…" he would be placed on a Performance Improvement Plan ("PIP").

53. This fabricated "PR churn" turned Mr. Bertino's accommodation into the basis for negative actions against Mr. Bertino.

54. By weaponizing a developmental concept as a disciplinary tool, Comcast deviated from fair treatment and due process standards.

55. The targeted discrimination and harassment Mr. Bertino was facing caused a great deterioration in his mental health and particularly worsened his disability.

56. On July 31, 2025, Mr. Bertino filed an internal complaint against Mr. Tulino.

57. In the complaint, Mr. Bertino expressed that he believed he was being discriminated against on the basis of his disability and that he was being retaliated against for requesting accommodation of his disability.

58. Specifically, Mr. Bertino stated that he has a disability that requires an accommodation in the form of remote work and that he was being subjected to differential treatment on this basis.

59. Mr. Bertino noted that that his non-disabled colleagues who were either fully in-office or hybrid were treated more favorably than him, including through promotions and being offered higher profile, more impactful work.

60. On August 7, 2025, Mr. Bertino submitted a complaint to the Pennsylvania Human Relations Commission ("PHRC"), alleging discrimination and harassment on the basis of his disability and retaliation for seeking accommodation of his disability and for engaging in protected activity, including complaining about discrimination and harassment.

61. Mr. Bertino also noted that his accommodation for his disability was scheduled for renewal on August 22, 2025, and he received the warning email regarding the potential of being placed on a PIP mere weeks before the renewal.

62. Additionally, though his renewal was fast approaching, he had not been re-engaged to assess whether his accommodation remained in effect.

63. As such, Comcast was failing its obligation to engage in a good-faith, interactive process with respect to accommodating his disability.

64. Given his treatment during his employment with Comcast, and the circumstances surrounding his employment described herein, Mr. Bertino maintains that he was discriminated and harassed on the basis of his disability and/or perceived disability, that he was retaliated against for seeking accommodation of his disability, that Comcast failed to engage in the interactive process with respect to accommodating his disability, and that he was retaliated against for complaining about discrimination and harassment.

65.    Based on the foregoing, Mr. Bertino was subjected to discrimination and harassment on the basis of his disability and/or perceived disability, was retaliated against for requesting a reasonable accommodation for his disability, and was retaliated against for complaining about discrimination and harassment, in violation of the ADA and the PHRA.

66.    Mr. Bertino has suffered mental anguish and severe emotional distress as a direct and proximate result of the actions and inactions of Defendants.

67.    Comcast and its agents acted with the intent of causing or with reckless disregard for the probability that their actions would cause Mr. Bertino severe emotional distress.

68.    Defendants willfully violated the ADA and PHRA, as Defendants knew that their actions violated the ADA and PHRA and/or acted with reckless disregard as to whether their actions violated the ADA and PHRA.

69.    Mr. Bertino has suffered financial losses, which include, among other things, lost wages, and an obligation for attorneys' fees and costs of bringing suit, as a direct and proximate result of the actions and inactions of Defendants.

## <u>COUNT I</u>
**The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA")**
**(Plaintiff v. Comcast)**

70.    Plaintiff Nikolaus Bertino repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

71.    Based on the foregoing, Comcast engaged in unlawful employment practices in violation of the Americans with Disabilities Act.

72.    In discriminating against and harassing Mr. Bertino on the basis of his disability, and/or because Comcast regarded Mr. Bertino as disabled, in failing and refusing to engage in a

good faith, interactive process with respect to accommodating Mr. Bertino's disability, and in retaliating against Mr. Bertino, Comcast violated the ADA.

73.    Said violations were intentional and willful.

74.    Said violations warrant the imposition of punitive damages.

75.    As the direct and proximate result of Comcast's violation of the Americans with Disabilities Act, Plaintiff Nikolaus Bertino has sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

## COUNT II
### The Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.
### (Plaintiff v. All Defendants)

76.    Plaintiff Nikolaus Bertino repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

77.    Based on the foregoing, Comcast engaged in unlawful employment practices in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

78.    Based on the foregoing, Defendant Ryan Tulino aided and abetted Defendant Comcast's discrimination, harassment and retaliation in violation of the PHRA.

79.    In discriminating against and harassing Mr. Bertino on the basis of his disability, and/or because Comcast regarded Mr. Bertino as disabled, in failing and refusing to engage in a good faith, interactive process with respect to accommodating Mr. Bertino's disability, and in retaliating against Mr. Bertino, Comcast violated the PHRA.

80.    In aiding and abetting Comcast's discrimination, harassment and retaliation, Defendant Ryan Tulino violated the PHRA.

10

81.     As the direct and proximate result of the aforesaid unlawful employment practices engaged in by Defendants, Plaintiff Nikolaus Bertino has sustained a loss of earnings and earning potential, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay and interest due thereon, and has incurred attorneys' fees and costs.

## PRAYER FOR RELIEF

82. Plaintiff Nikolaus Bertino repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

**WHEREFORE**, Plaintiff Nikolaus Bertino respectfully requests that this Court enter judgment in his favor and against Defendants and Order:

a.   Appropriate equitable relief;

b.   Defendants to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination, harassment and retaliation;

c.   Defendants to compensate Plaintiff with the wages and other benefits and emoluments of employment lost because of its unlawful conduct;

d.   Comcast to pay Plaintiff punitive damages;

e.   Defendants to pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

f.   Defendants to pay Plaintiff's costs of bringing this action and his attorneys' fees;

g.   Plaintiff be granted any and all other remedies available pursuant to the ADA and the PHRA; and

11

h.  Such other and further relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Nikolaus Bertino hereby demands trial by jury as to all issues so triable.

By:  */s/ Christopher A. Macey, Jr.*
Christopher A. Macey, Jr., Esquire
Bell & Bell LLP
1617 John F. Kennedy Boulevard
Suite 1254
Philadelphia, PA 19103
(215) 569-2500

*Attorneys for Plaintiff Nikolaus Bertino*

Dated:  April 16, 2026